IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
TYLER LLOYD GRANTZ,           )
                              )
         Petitioner,          )
                              )    1:19-cr-459-1
     v.                       )    1:23-cv-107
                              )
UNITED STATES OF AMERICA,     )
                              )
         Respondent.          )
```

**ORDER**

This matter is before the court for review of the Order and Recommendation ("Recommendation") filed on April 18, 2025, by the United States Magistrate Judge in accordance with 28 U.S.C. § 636(b). (Doc. 113.) The Recommendation was served on the parties in this action on April 18, 2025. (Doc. 114.) Petitioner timely filed objections to the Recommendation. (Doc. 116.) Petitioner also filed a document entitled "Motion for Appointment of Forensic Expert and Supplement to Petitioner's 2255 Motion," (Doc. 115). As explained in greater detail below, neither filing warrants any relief.

**A. Petitioner's Objections**

The court has appropriately reviewed the portions of the Magistrate Judge's report to which objection was made and has made a de novo determination which is in accord with the Magistrate Judge's report. Petitioner's objections warrant no

relief. This court therefore adopts the Magistrate Judge's Recommendation.

**B. Motion for Appointment of Forensic Expert and Supplement**

Petitioner requests that the court appoint a forensic expert under 18 U.S.C. § 3006A(e)(1) to test and/or review DNA and to analyze gunshot residue related to his criminal proceeding, and that he be permitted to supplement his pending § 2255 motion "to include additional claims." (Doc. 115 at 1-2.) Regarding the appointing of an expert, Petitioner provides no authority for the provision of an expert in the context of a § 2255 motion in a non-capital case. 18 U.S.C. § 3006A(e), on which Petitioner relies, applies to the appointment of an expert in the trial and sentencing of indigent defendants and makes no mention of § 2255. Moreover, even if the court had authority to appoint a forensic expert here it would not do so. Petitioner asserts that "[t]hese services are necessary to establish that [he] was not the driver or shooter, and that the [G]overnment's circumstantial theory is unsupported by forensic evidence." (Doc. 115 at 1.) However, forensic evidence is not required to support a criminal conviction, and Petitioner ignores the considerable amount of circumstantial evidence against him showing that he discharged firearms at law enforcement. (Doc. 59 ¶¶ 5-25; Docs. 79-80.) There is no reason to believe that

- 2 -

additional forensic testing beyond that already done would undermine the verdict here, demonstrate any likelihood of actual innocence, or warrant any relief. Petitioner has failed to demonstrate that the court has the authority to grant his request for appointment of an expert, or to articulate the standard he would need to meet if it does have the authority. However, assuming the authority exists, and regardless of the standard that would apply, this case does not warrant the appointment of an expert. The request is denied.

Petitioner also requests that he be permitted to further supplement his pending § 2255 motion to raise "additional claims." (Doc. 115 at 2.) Although the court has previously granted Petitioner leave to supplement, (see, e.g., 5/10/24 Text Order), it would be futile to permit the proposed further supplementation. His "additional" claims are either time-barred for the same reasons set forth by the Magistrate Judge, fatally conclusory,[1] or both. Nickerson v. Lee, 971 F.2d 1125, 1129 (4th

---

[1] For example, Petitioner's assertion of actual innocence is conclusory. Arguments based on actual innocence must meet a high standard which conclusory statements do not satisfy. "Petitioner has done no more than assert in a conclusory manner that he is innocent, which is insufficient to satisfy this exception." Gaytan v. Hardee, No. 1:17CV979, 2018 WL 3639937, at *4 (M.D.N.C. May 15, 2018) ("[T]o establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.") (citations omitted).

- 3 -

Cir. 1992), as amended (Aug. 12, 1992), abrogated on other grounds as recognized by, Yeatts v. Angelone, 166 F.3d 255 n.4 (4th Cir. 1999); United States v. Pittman, 209 F.3d 314, 317 (4th Cir. 2000). The request is denied.

Finally, Petitioner requests an evidentiary hearing. (Doc. 115 at 2.) Unless the record "conclusively show[s]" a § 2255 petitioner is not entitled to relief, "the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." 28 U.S.C. § 2255(b). Because the motion and files and records conclusively show that Petitioner is not entitled to relief (his grounds for relief are time-barred, he is not entitled to equitable tolling, and his protestation of actual innocence is conclusory), Petitioner's request for an evidentiary hearing is denied.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's Recommendation, (Doc, 113), is **ADOPTED. IT IS FURTHER ORDERED** that the Government's Motion to Dismiss, (Doc. 107), is **GRANTED**, that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence and Petitioner's Supplemental Motion, (Docs. 96 and 103), are **DISMISSED**, and this action is hereby **DISMISSED**.

**IT IS FURTHER ORDERED** Petitioner's motion entitled "Motion for Appointment of Forensic Expert and Supplement to Petitioner's 2255 Motion," (Doc. 115), is **DENIED**.

The court further finds there is no substantial showing of the denial of a constitutional right affecting the conviction nor a debatable procedural ruling, therefore a certificate of appealability is not issued.

A Judgment dismissing this action will be entered contemporaneously with this Order.

This the 17th day of June, 2025.

/s/ William L. Osteen, Jr.
United States District Judge